UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MIDWEST NEUROSURGEONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00096-AGF |
| | ) | |
| DAVID OVERTURF, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion to remand this case to the state court in which it was filed. ECF No. 6. For the reasons set forth below, the motion will be granted.

## BACKGROUND

Plaintiff originally filed this action in the Circuit Court for the City of St. Louis on February 28, 2019, alleging breach of contract and suit on account and seeking $65,080 in unpaid medical bills owed by Defendant. Defendant was served in that action on April 10 and removed it to this Court on June 13, 2019, under 28 U.S.C. § 1446, asserting diversity jurisdiction. Although Defendant denies owing the amount Plaintiff seeks, he contends that the $75,000 amount in controversy is met based on a lien notice previously provided by Plaintiff in the amount of $113,151.

Plaintiff contends that Defendant's notice of removal was untimely and that the lien document, which issued in January 2017, is not sufficient to establish the amount in

controversy. Defendant asserts that the basis for removal was not immediately ascertainable from the complaint and required investigation by counsel of complex proceedings related to Defendant's worker's compensation claim and Illinois Medicaid. Defendant further states that he will agree to remand if Plaintiff agrees to reduce the amount owed.

In reply, Plaintiff filed a supplement in the form of an unpublished order in a similar case in this district where the Court granted remand on similar facts. *Midwest Neurosurgeons, LLC, et al. v. Leek*, Case No. 1:19-CV-00091-SNLJ, ECF No. 10 (E.D. Mo. Sept. 6, 2019) (finding lien notices of $175,000 insufficient to establish the amount in controversy where petition sought only $34,427).

## DISCUSSION

When removing a case from state to federal court, the movant must demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). Though Defendant claims that the contract provided with Plaintiff's petition only established a debt of $3,591, he simultaneously claims that, "based upon other pending cases with this Plaintiff and their attorneys … Plaintiff will seek more than $75,000 in recovery." ECF No. 9 ¶ 20. Defendant fails to allege what the actual amount in controversy may be if not the $65,080 sought by Plaintiff. Notably absent from Defendant's argument is any assertion or accompanying evidence of additional contractual charges that could conceivably push the alleged debt over the threshold. Rather, Defendant offers unrelated substantive defenses to the underlying petition and the assertion that he owes only $3,591.

2

In support of his argument that the amount in controversy is met, Defendant relies entirely upon the prior lien notice for $113,151. But he does not assert that the lien notice in any way reflects his potential liability. In the complaint, Plaintiff seeks only to recover based on the alleged unpaid invoices, and there is nothing indicating that Plaintiff is seeking to enforce any lien that might once have been asserted against any worker's compensation recovery. As such, on this record, Defendant has not established by a preponderance of the evidence that the actual amount in controversy exceeds $75,000. *Midwest Neurosurgeons, LLC. v. Leek*, at 2.

The Court also agrees with Plaintiff that Defendant's removal is untimely. The removal statute requires a defendant to file a notice of removal within thirty days after service. 28 U.S.C. §1446 (b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…"). This limit is mandatory and strictly construed in favor of state court jurisdiction. *Bachman v. A.G. Edwards, Inc.*, 4:09CV00057 ERW, 2009 WL 2182345, at *3 (E.D. Mo. July 22, 2009). If a defendant fails to timely file a notice of removal, the defendant's right to remove is foreclosed. *Id*. Strictly construing the removal rules promotes expedited identification of the proper tribunal. *Id*. *See also*, *Branch v. Wheaton Van Lines, Inc.*, 4:14-CV-01735-AGF, 2014 WL 6461372, at *2 (E.D. Mo. Nov. 17, 2014) (noting that federal courts must strictly construe the amount in controversy requirement, as its underlying purpose is to limit the federal courts' diversity caseload).

There are some exceptions to the thirty-day filing limit. If the initial pleading does not clearly reflect that the case is removable, then the thirty-day period does not begin to run until the defendant receives papers from which removability may be ascertained. 28 U.S.C. § 1446(b)(3) states:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). This section provides an exception for the thirty-day time when "other papers" later received suggest that the amount in controversy may actually be greater than alleged in a plaintiff's complaint. *See In re Willis*, 228 F.3d 896, 897 & n.1 (8th Cir. 2000) (noting that "the notice of removal may be filed within thirty days of when the defendant first discovers the case is removable"). This exception has two requirements: "[f]irst, the document must be an 'amended motion, pleading or other paper,'" and, second, "the defendant must ascertain that the case is or was removable – for the first time – from that document." *Erhart v. Bayer, Corp.*. 4:17-CV-1996-SNLJ, 2017 WL 4280635, at *2 (E.D. Mo. Sept. 27, 2017).

Defendant contends that removal here was timely because the basis for removal could not be ascertained from the complaint or within the thirty-day time period. He claims that defense counsel had to research complex state law issues, and that Defendant timely removed the case after counsel ascertained the basis for the removal. The "other paper" on which he relies is the lien notice.

4

It is questionable whether the lien notice upon which Defendant relies qualifies as an "other paper" within the meaning of the removal statute. *See Dhal v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 969 (8th Cir. 2007) (noting that amended pleadings, motions, orders or other papers "each might introduce a new element into the case which could affect jurisdiction" and are typically "produced in the course of litigating an individual case"). Here, the lien notice is not a document involved in the case, and Plaintiff does not purport to seek enforcement of any lien that Plaintiff might have claimed against the Defendant at some point in the past. Plaintiff itself concedes that the lien is "stale." Thus, as previously discussed, the lien notice does not establish that the amount in controversy is other than as stated in Plaintiff's compliant.

But even if the lien notice could qualify as an "other paper," the thirty-day time limit for removal would still begin upon receipt of the complaint because Defendant had all the necessary knowledge to ascertain the propriety of removal as of January 2017. *See, e.g., McHugh v. Physicians Health Plan of Greater St. Louis, Inc.,* 953 F. Supp. 296, 300 (E.D. Mo. 1997) (observing that defendants must undertake diligent efforts to ascertain removability and remove at the earliest available opportunity once jurisdictional sufficiently is established); *Williams v. Safeco Ins. Co. of Am.*, 74 F. Supp.2d 925, 928-29 (W.D. Mo. 1999) (stating that the thirty-day deadline begins to run upon defendant's actual knowledge of the amount in controversy). Plaintiff asserts that Defendant had notice of the lien in early 2017, and Defendant does not contend otherwise. The notice itself, dated January 20, 2017, indicates that it was mailed to both Defendant and his counsel in this matter. As such, Defendant's notice of removal is also untimely.

Because Defendant has failed to show by preponderance of evidence that the amount in controversy exceeds $75,000 and the removal was also untimely, Plaintiff's motion to remand will be granted.

**Attorney Fees**

Plaintiff also requests attorney fees, costs, and expenses in connection with removal and remand insofar as Defendant removed the case 61 days late and with no colorable legal basis to do so. Defendant responds that he acted in good faith, so the Court should exercise its discretion in his favor. Neither party cites current precedent on the issue.

The appropriate test for awarding attorney fees recognizes the need to deter removals sought for the purpose of prolonging litigation or imposing costs on the other party while not undermining the right to remove as a general matter. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). "This Court has discretion under the statute whether to award costs and expenses where 'the removing party lack[s] an objectively reasonable basis for seeking removal.'" *Id*. at 141. "In determining whether the removing party lacked an objectively reasonable basis for seeking removal, the Court "does not consider the removing defendant's motive" but instead "must consider the objective merits of removal at the time of removal." *Convent Corp. v. City of North Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015). "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Martin*, 546 U.S. at 141. "When a court exercises its discretion in

this manner, however, its reasons for departing from the general rule should be faithful to the purposes of awarding fees under § 1447(c)." *Id*.

After careful consideration, the Court declines to award fees in this case. Though Defendant's removal was untimely and unfounded, in light of Plaintiff's delay in filing suit and the underlying administrative complications described in Defendant's filings (e.g., a workers compensation claim, payments to Plaintiff from Illinois Medicaid, and questions of balance billing), the Court finds that the circumstances warranting fee-shifting as a deterrent are not present here.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand is **GRANTED**. ECF No. 6. The Clerk of the Court will remand the case to the Circuit Court for the City of St. Louis.

**IT IS FURTHER ORDERED** that any pending motions are denied as moot and without prejudice to refiling in state court.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 17th day of December, 2019.